IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

TAD M. LANG, )
    Plaintiff )
 )
vs. )  15L220
 )
MENARD, INC., )
    Defendant )

### SUMMONS

To Defendant: Menards Inc., Registered Agent/Prentice Hall Corporation, 801 Adlai Stephenson Dr. Springfield, Illinois

YOU ARE SUMMONED and required to file an answer to this case, or otherwise file your appearance in the office of the Clerk of this Court, Champaign County Courthouse, 101 E. Main Street, Urbana, Illinois within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer: Sangamon County Sheriff, Springfield, Illinois

This summons must be returned by the officer or other persons to whom it was given service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS, this 24 day of November, 2015.

_Katie M. Blakeman_ BP
Clerk of Court

By: _____
    Deputy

Robert E. Roth
Attorney For Plaintiff
101 S. Elliott
Olney, Illinois 62450
618-395-4911

Date of Service: _____, 2015
(To be inserted by officer on copy left with Respondent or other person)

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

TAD M. LANG,
    Plaintiff

vs.        15-L-220

MENARD, INC.,
    Defendant

FILED
SIXTH JUDICIAL CIRCUIT
NOV 20 2015
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## COMPLAINT

Comes now Plaintiff, Tad M. Lang by and through his attorney, Robert E. Roth and in support of his Complaint against the Defendant would state and allege as follows:

1. That Plaintiff Tad M. Lang is an adult, that he is a resident of Danville, Illinois now and at all relative times hereto.

2. That the Defendant, Menard, Inc is a Wisconsin Corporation, authorized to do business in the State of Illinois. That the Defendant operates a retail sales location/outlet located at 620 Town Center Boulevard, Champaign, Illinois open for the general public.

3. That on the 2nd day of December, 2013 the Plaintiff was shopping at the Defendant's retail sales outlet located in Champaign, Illinois for building materials for home improvement and remodeling. That while seeking suitable building materials Plaintiff examined building materials displayed by the Defendant, for the public to inspect and purchase. While inspecting pieces of wood materials and handling them, others pieces of wood suddenly fell out of the storage or display unit at Defendant's sales store unexpectedly and struck the Plaintiff in the head, face and his hand. Plaintiff suffered injury by the impact of the wood materials..

4. That December 2, 2013 Plaintiff sought medical care at the Presence United Samaritan Medical Center in Danville, Illinois for the injuries sustained and because of the pain and the laceration to his face. Plaintiff continued to have pain and disorientation as a result of the injuries sustained and sought medical treatment by specialists. Plaintiff continued to seek medical attention when flare ups of pain and nausea overcame him to the Emergency Room of more than one hospital.

5. That as a direct and proximate result of Defendant, by its Agents or Employees negligent actions or omissions, the Plaintiff suffered injury, was required to seek medical care on more than one occasion to determine diagnosis for treatment and to alleviate pain and suffering.

6. That Defendant by its Agents or Employees were negligent in one or more of the following reasons or actions:

A. Stacked or arranged the wood building materials in the display unit in such a manner that the removal of a piece of material more pieces of building materials would fall out of the display unit in the direction of the person standing in front of the display unit.

B. Utilized storage or display unit for the building materials which did not have safeguards which would have prevented the materials stacked therein from falling out and down towards the person in front of the display when building materials were removed from the display unit.

C. Elevated the display unit of the wood building materials to such a height whereby limited a customer from having a clear view of all the materials stacked in the display unit thereby limiting the Plaintiff to anticipate and see building materials falling out towards him.

D. Used a display or storage unit not meant to be utilized for these types of specific building materials.

7. That the Plaintiff because of the reoccurring flare ups of pain from the injury sought treatment at hospitals and doctors incurring medical expenses in excess of $50,000.00, has suffered extreme pain and nausea, lost his employment and was out of work for several weeks and has scarring on his face from the injury.

WHEREFORE Plaintiff demands Judgment against this Defendant in excess of $50,000.00 plus Court cost.

2

Robert E. Roth
Attorney for Plaintiff
ARDC # 3126372
101 S. Elliott Street
Olney, IL 62450
618-395-4911

**PLAINTIFF DEMANDS TRIAL BY JURY.**

3