UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| TAD M. LANG,<br><br>        **Plaintiff,**<br><br>v.<br><br>MENARD, INC.,<br><br>        **Defendant.** | Case No. 15-2308 |

**ORDER**

This case is before the Court on Defendant Menard, Inc.'s ("Defendant") Motion for Summary Judgment (#28). Plaintiff, Tad M. Lang ("Plaintiff"), filed a Response to Defendant's Motion for Summary Judgment (#31). With leave of Court, Defendant filed a Reply in Support of Defendant's Motion for Summary Judgment (#33). For the reasons discussed below, Defendant's Motion for Summary Judgment (#28) is GRANTED.

**I.      Background**

This case arises from an injury allegedly sustained by Plaintiff at Defendant's Champaign, Illinois facility when a 1x4, 16 foot vinyl board fell from its vertical shelving rack, striking Plaintiff in the face. Defendant's Motion for Summary Judgment argues that Plaintiff failed to establish that a condition on Defendant's property proximately caused the board to fall on Plaintiff and that Defendant had actual or constructive knowledge of any unsafe condition on its premises.

Plaintiff's Response to Defendant's Motion for Summary Judgment was originally due on November 17, 2016. On December 9, 2016, after Plaintiff did not respond, the Court entered a Text Order directing Plaintiff to file a Response no later than December 14, 2016. On December 14, 2016, Plaintiff filed a Motion for Extension of Time to file a Response to Defendant's Motion (#29). Plaintiff's Motion indicated that

Plaintiff needed to depose an additional witness, Dan Ahart (the General Manager at the Champaign, Illinois Menard's store where the alleged indicted took place), before responding to Defendant's Motion for Summary Judgment. On January 4, 2017, after Defendant did not file a Response to Plaintiff's Motion for Extension of Time, the Court entered a Text Order extending Plaintiff's deadline to file a Response to Defendant's Motion until February 22, 2017.

On February 23, 2017, the Court held a telephonic status conference. During this status conference, the parties informed the Court that Dan Ahart had still not been deposed. Accordingly, the Court again extended Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment to April 21, 2017. On April 21, 2017, Plaintiff filed his Response to Defendant's Motion (#31). Plaintiff's Response has a one paragraph argument section and relies almost exclusively on Ahart's deposition testimony.

II.     **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences which are only supported by speculation or conjecture. *See Singer*, 593 F.3d at 533. In addition, this court "need not accept as true a plaintiff's characterization of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. 2010).

The party opposing summary judgment may not rely on the allegations contained in the pleadings. *Waldridge*, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004), quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007), citing *Celotex Corp.*, 477 U.S. at 322-323. If the nonmovant does not come forward with evidence that would reasonably permit the finder of fact to find in his favor on a material question, then the court must enter summary judgment against him. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

### III.   Analysis

#### A.   Proximate Cause

Defendant argues that Plaintiff failed to produce any evidence beyond speculation or conjecture that Defendant's conduct was the proximate cause of Plaintiff's injuries. "Where the plaintiff seeks recovery based on the defendant's alleged negligence, the plaintiff must plead and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach." *Carney v. Union Pac. R.R. Co.*, 2016 IL 118984, ¶ 26 (Ill. 2016). Two distinct requirements must be met to establish proximate cause. *Simmons v. Garces*, 198 Ill. 2d 541, 558 (Ill. 2002). "The defendant's conduct must be shown to be an actual cause of the plaintiff's injury, and it must be a legal cause as well." *Id.* (citations omitted). "Actual cause, or cause in fact, can be established only where there is a reasonable certainty that a defendant's acts caused the injury or damage." *Id.* A defendant's acts are a legal cause only if they are "so closely tied to the plaintiff's injury that he should be held legally responsible for it." *Id.*

Under Illinois law, proximate cause can only be established when there is a reasonable certainty that the defendant's act caused the injury. *Wiegman v. Hitch-Inn Post*, 308 Ill. App. 3d 789, 795 (2d Dist. 1999). It follows that "[l]iability may not be based upon speculation, imagination, or mere conjecture" and "unsupported conclusions, opinions, or speculations are insufficient to raise a genuine issue of material fact." *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 437 (Ill. 1991); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 132 (Ill. 1992). If the plaintiff only presents evidence that indicates that negligence was merely a possible cause of an injury, the defendant is entitled to summary judgment. *See Geelan v. Kankakee*, 239 Ill. App. 3d 528 (3d Dist. 1992). In short, "[t]he occurrence of an accident does not support an inference of negligence, and, absent positive and affirmative proof of causation, plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact." *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968, 974 (1st Dist. 1990).

The evidence in this case indicates that on December 2, 2013, Plaintiff and his co-worker, Sherwood "Butch" Olson, went to Menards in Champaign, Illinois to pick up supplies for a remodeling job. Deposition of Tad Lang, p. 12, ln. 11-18. Plaintiff indicated that he had visited this particular Menards location "hundreds of times." Deposition of Tad Lang, p. 14, ln. 9-12. Plaintiff, while waiting for Mr. Olson to take a phone call, was "just messing off" and, at some point, walked toward the middle of an aisle and stood there before being struck in the face by a board. Deposition of Tad Lang, p. 24, ln. 18-24, p. 25, ln. 1-3.

During his deposition, Plaintiff admitted that, prior to the board falling, he was touching the railings stacked near and under the boards. Plaintiff could not recall if he did anything to make the board fall because he could not remember if he was "playing around with the boards." Deposition of Tad Lang, p. 29, ln. 8-19; p. 30, ln. 1-8. Plaintiff also testified that no one touched the boards prior to the board falling, because no one else was near the boards. Deposition of Tad Lang, p. 29, ln. 23-24. According to Plaintiff, he does not know from which rack or space the board fell. Deposition of Tad Lang, p. 37, ln. 16-18. Most importantly, Plaintiff admitted several times in his deposition that he

does not know why the boards fell. Deposition of Tad Lang, p. 29, ln. 20-24; p. 31, ln. 1-6. Mr. Olson, who was with Plaintiff at the time of the incident, likewise testified that he does not know how the boards fell from the rack. Deposition of Sherwood "Butch" Olson, p. 12, ln. 15-24. After the board fell, Mr. Olson testified that he and Plaintiff were able to inspect the board and still had "no explanation of why it fell." Deposition of Sherwood "Butch" Olson, p. 14, ln. 3-6.

In response to Defendant's evidence, Plaintiff relies solely on the testimony of Dan Ahart, the manager of the Champaign Menard's store. In relation to proximate cause, Ahart testified about how Menard's stacks building materials in the "vertical fashion". Deposition of Dan Ahart, p. 22-27. According to Ahart, team members hand stock these materials and are directed to not overfill the display units. Deposition of Dan Ahart, p. 23, ln. 3-13. Ahart testified that a display unit is overfilled if the product "goes to the edge and it can't fit." Deposition of Dan Ahart, p. 24, ln. 15-16. Ahart also testified that, with this particular product, it can fall over if it is "stocked at a straight line" meaning a "totally vertical level line." Deposition of Dan Ahart, p. 25, ln. 6-9. Ahart specifically testified that Menard's in Champaign does not have any merchandise displayed in the "totally vertical" fashion and that it is the practice of his employees to stack the materials at an angle. Deposition of Dan Ahart, p. 23, ln. 12-18.

Ahart also testified that, in his experience working at Menard's, he has seen vertically stacked merchandise fall out of displays. Deposition of Dan Ahart, p. 23, ln. 20. However, Ahart was unable to point to any specific instances and did not identify any specific instance where vertically stacked material fell out of a display because it had been stocked incorrectly by Menard's employees. Deposition of Dan Ahart, p. 26, ln. 22-24; p. 27, ln. 1-14. Ahart expressly stated that, in all the years that he has been at Menard's in Champaign, he has never investigated an accident that involved building materials falling from their display units. Deposition of Dan Ahart, p. 31, ln. 16-20.

The parties presented no additional facts on the issue of proximate cause. Illinois courts have routinely held that summary judgment is appropriate where the plaintiff cannot identify what caused his injury. *See Waite v. Chicago Transit Authority*, 157 Ill.

App. 3d 616 (1st Dist. 1987) (the plaintiff's argument that scaffolding *could have* obscured his vision and caused him to be struck by a bus insufficient to establish proximate cause because it was based on a possibility); *See also Geelan*, 239 Ill. App. 3d 528 (summary judgment proper where the plaintiff could only speculate that improper lighting caused decedent to collide with railroad trestle controlled by the defendant); *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813 (1st Dist. 1981) (the defendant entitled to summary judgment where the plaintiff admitted that she had no idea why she fell when exiting the defendant's store); *Koukoulomatis v. Disco Wheels, Inc.*, 127 Ill. App. 3d 95 (1st Dist. 1984) (the plaintiff's conjecture that the carpet "must have gone up a little bit that I tripped over it" when she had not seen or felt anything wrong with the carpet was insufficient to establish causation for a negligence claim).

This case is similar to *Kellman v. Twin Orchard Country Club*, 202 Ill. App. 3d 968 (1st Dist. 1990), in which the Illinois appellate court found that the possibility of an unreasonably dangerous shower stall causing a decedent to slip and fall was insufficient to establish proximate cause. In *Kellman* the decedent entered a public shower stall and subsequently fell, sustaining injuries that eventually lead to his death. 202 Ill. App. 3d at 970-973. Testimony existed that, before entering the shower stall, decedent had appeared unsteady on his feet. *Id.* at 970. The plaintiff (decedent's widow) alleged that defendant's negligence caused her husband's fall. The defendant moved for summary judgment on the basis that plaintiff was unable to prove the cause of the fall. *Id.* at 972.

In affirming the trial court's grant of summary judgment for the defendant, the First District stated that the plaintiff had presented no evidence as to the cause of the fall. *Id.* at 974. The court noted that, while the plaintiff was asked repeatedly at her deposition if she knew the cause of the fall, the plaintiff admitted that she did not know. *Id.* at 975. The plaintiff stated that her husband had told her that he slipped, but that she did not know the cause of the slip or where he slipped. *Id.* The plaintiff also admitted that she was unaware of any witnesses who knew of any defect in the shower basin that would have caused the fall. *Id.* The First District ultimately held that the *possibility* that

6

the alleged unreasonably dangerous shower stall had caused the decedent to fall was insufficient to establish a causal relationship between the defendant's alleged negligence and decedent's injuries. *Id.* (emphasis added).

Similar to *Kellman*, Plaintiff has presented no evidence about what caused the board to fall. Rather, both Plaintiff and Mr. Olson testified that they had no idea what caused the board to fall. Deposition of Tad Lang, p. 29, ln. 20-22; deposition of Sherwood "Butch" Olson, p. 12, ln. 15-24. Like *Kellman*, Plaintiff is alleging that the board fell, but that he does not know the cause of the fall or even from where the board fell. Deposition of Tad Lang, p. 37, ln. 16-18. Indeed, Plaintiff suggested that he might have contributed to it.  Plaintiff admitted that he was touching the railing stacked near and under the board that fell, but that he could not recall if he was playing around with the boards.  Deposition of Tad Lang, p. 29, ln. 8-19; p. 30, ln. 1-8.

Additionally, Plaintiff has not produced any witnesses who knew of any defect in the way the boards were stacked that would have caused them to fall. Dan Ahart expressed that Menard's in Champaign does not have any building materials displayed in a "straight up and down vertical fashion," but rather that all materials are stacked at an angle away from the aisle. Deposition of Dan Ahart, p. 23, ln. 12-18. Moreover, Ahart testified that he has never investigated any accident in the store involving falling material. Deposition of Dan Ahart, p. 31, ln. 16-20.

The only testimony presented by Ahart that could be construed to support Plaintiff's position is Ahart's statement that he has, in the past, witnessed building material fall from display units at the Champaign Menard's. Ahart, however, did not testify as to what caused this material to fall, that it was improperly stacked, or that the material fell in the past because it was improperly stacked.

Plaintiff's Complaint expressly alleges that Defendant was negligent in one or more of four[1] ways, including the "stacking or arranging of wood building materials in

---

[1] Plaintiff also alleges that defendant was negligent in failing to have reasonable safeguards (namely a chain) to stop materials from falling from the display unit. This argument is addressed in Section III(B), *infra*. Plaintiff's Complaint alleges that Defendant negligently elevated the display unit and also

7

the display unit in such a manner that the removal or a piece of material" would cause more material to fall out. See d/e 1-1, p. 2. Plaintiff's only evidence to support this allegation is Ahart's testimony that some material, similar to the material that stuck Plaintiff, has fallen in the past. Deposition of Dan Ahart, p. 23, ln. 20. But, none of the witnesses that have been deposed could state how the boards in question here were stacked. Thus, Plaintiff's evidence amounts to saying that, because some similar material has fallen in the past (although we have no idea why it fell), that this material must have fallen because of the way it was stacked. This is insufficient to bring Plaintiff across the threshold from possibility to probability.[2]

Put another way, using Ahart's testimony that "some material has fallen in the past," without any statement that the material fell because of the way it was stacked, to support the allegation that improperly stacked boards caused Plaintiff's injury would require pure speculation. There has been no evidence presented that the Champaign Menard's has any material that is stacked in a "straight up and down" vertical fashion and no evidence presented that material has ever been stacked in this manner in the past. At this point, Plaintiff is stating that, because there is vertically stacked material and because that material *could*, in theory, be stacked straight up and down, that there is a genuine issue of material fact as to whether the stacking of the material caused Plaintiff's injury. This evidence amounts again to more speculation, conjecture, and an unsupported conclusion. With no evidence at all of how the board fell, Plaintiff can only speculate that because the board fell, Defendant must have been negligent. This is insufficient to establish proximate cause. *See Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813 (1st Dist. 1981).

Although proximate cause is generally an issue of fact left for the jury to decide, "[w]hen . . . there can be no reasonable difference in judgment as to the inference drawn from the facts, and there has been no affirmative showing of proximate cause, a plaintiff

---

negligently used improper display units. Plaintiff has presented no evidence on these last two claims, and therefore the Court will not address them.

[2] Moreover, there was no evidence presented that any material was removed that caused the board to fall, as alleged in Plaintiff's Complaint.

has failed to establish a genuine issue of material fact. At this point, proximate cause is a question of law and summary judgment is proper as a matter of law." *Hussung v. Patel*, 369 Ill. App. 3d 924, 931 (2d Dist. 2007). Plaintiff has presented evidence that a board fell. He has presented nothing to show why that board fell or why Defendant should be responsible for the board falling. Accordingly, Plaintiff has failed to establish a genuine issue of material fact, and summary judgment is proper as a matter of law.

    **B.**    **Actual or Constructive Knowledge of Any Unsafe Condition**

Defendant further argues that Plaintiff failed to demonstrate that Defendant knew or had reason to know that the boards were negligently stacked in a way that would cause them to fall. Illinois follows the Restatement (Second) of Torts regarding the liability of a possessor of land for physical harm caused by a condition on the land. *See Genaust v. Illinois Power Co.*, 62 Ill. 2d 456, 468 (1976). According to the Restatement (Second) of Torts, section 343:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

To impose liability on the Defendant, Plaintiff must show that Defendant had actual or constructive notice of a dangerous or unsafe condition. *See Ishoo v. Gen. Growth Props.*, 2012 IL App (1st) 110919, ¶21. The burden of proving notice is on Plaintiff in this case. *See Burke v. Grillo*, 227 Ill. App. 3d 9, 18 (2d Dist. 1992). To prove constructive notice, Plaintiff "must show that the hazardous condition existed for a sufficient amount of time or that, through the exercise of reasonable care, [Defendant] should

have discovered the dangerous condition." *Hornacek v. 5th Ave. Prop. Mgmt.*, 2011 IL App (1st) 103502, ¶29.

Here, Plaintiff has failed to put forth any evidence that Defendant had actual or constructive knowledge of a dangerous condition. As already discussed, Dan Ahart testified that he did not know of any materials stacked in a vertical position (compared with an angled position), that his employees did not stack boards in that position, and that he has never investigated any accident involving vertically stacked materials. Likewise, Plaintiff testified that he did not know how or why the board fell and, in fact, testified that he did not even know from which rack the board fell. Deposition of Tad Lang, p. 37, ln. 16-18. As discussed at length above, Ahart testified that some material has fallen in the past, but there is no evidence of how that material fell, including any evidence that the material fell because it was improperly stacked.

The only other person deposed in this case, Mr. Olson, testified that he also did not know what caused the board to fall. Furthermore, Mr. Olson went as far as to say that even when a material rack is completely full, the material is still not completely vertical, but rather has a lean to it. Deposition of Sherwood "Butch" Olson, p. 34, ln. 13-24. Therefore, Plaintiff has put forth no evidence at all to show that Defendant had any actual knowledge of a dangerous condition.

The only evidence Plaintiff has presented to show constructive knowledge is Plaintiff's argument that the material racks should have been secured by a safety chain. Plaintiff, however, does not present any evidence that this safety chain would have prevented the board from falling or that it is necessary to have the safety chain in place to make a material rack safe. Rather, Plaintiff only presents Ahart's testimony that other home improvement stores do in fact have safety chains and Menard's does not. Deposition of Dan Ahart, p. 36-37. Mr. Ahrart actually testified that, after consideration, Menard's made the decision to not use the cables as they were determined to be ineffective and, in certain circumstances, could cause further injury. Deposition of Dan Ahart, p. 42, ln. 9-14. At no point did Ahart, or anyone else, ever testify that the chains were required (or even preferred) to make material racks safe.

Regardless, even if the safety chains had been required, there is absolutely no evidence that the boards were negligently stacked to where the safety chain would have become an issue. Plaintiff has the burden of proving that a dangerous condition existed in Defendant's store for a sufficient amount of time or that Defendant should have discovered the condition through the exercise of reasonable care. *Hornacek*, 2011 IL App (1st) at ¶29. Plaintiff has failed to present any evidence, beyond mere speculation, that a dangerous condition existed at Defendant's store. Plaintiff has also put forth no evidence that Defendant should have recognized any dangerous condition through the exercise of reasonable care.[3] Thus, Plaintiff has not carried his burden of showing any material dispute of fact that would require a trial.

## IV.   Conclusion

For the reasons discussed above, Defendant's Motion for Summary Judgment (#28) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff. This case is terminated.

ENTERED this 20th day of June, 2017.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE

---

[3] In fact, Dan Ahart testified that he and his employees routinely walk the store searching for potential hazards. Deposition of Dan Ahart, p. 17.